UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VANCE SCOTT, SR. | CIVIL ACTION |
| VERSUS | NO. 20-43 |
| STATE OF LOUISIANA, ET AL. | SECTION "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 6)** pursuant to the Federal Rules of Civil Procedure ("FRCP") 12(b)(6) filed by the Defendants St. Charles Parish Sheriff's Office and Greg Champagne. The Plaintiff Vance Scott, Sr., is proceeding *pro se* and opposes the motion. (Rec. Doc. 30). This motion, set for submission on April 1, 2020, is before the Court on the briefs without oral argument.

### I. BACKGROUND

This case arises out of a traffic stop that occurred in St. Charles Parish on April 26, 2019. (Rec. Doc. 1, p. 4, The Plaintiffs' Complaint). Officer Malcolm Robbins from the St. Charles Parish Sheriff's Office pulled over Scott because Scott failed to have a proper "break tag" on his motor vehicle. *Id*. at 7. During the stop, Scott had "his law book in hand" and "proceeded to open the book and [show] the Respondent, [Officer] Malcolm Robbins, that a Traffic Infraction is not a crime and that the regulations of the Motor Vehicle Codes extend only to those operating in Commercial Capacity, not those who [are] traveling in the Pursuit of Happiness[.]" *Id*. Scott then demanded that Officer Robbins explain what crime he was being arrested for and asked for Officer Robbins' supervisor. *Id*.

Scott further explained that, "[Officer Robbins] then became physical with [the] Plaintiff as [the] Plaintiff recited *City of Dallas v. Mitchell* [that says,] 'an unlawful arrest is an assault and battery, which you have the right to defend yourself against.'" *Id*. "Malcolm Robbins then

began assaulting the Plaintiff . . . as the Plaintiff began to resist the unlawful advances of Malcolm Robbins." *Id*. Officer Robbins then tasered Scott multiple times to subdue him. *Id*.

Scott was then taken to the Nelson Coleman Correctional Center where he claims that he was "placed in the rubber cell A08, where he was brutally beaten [by over six deputies] because he couldn't bend his injured knee[.]" *Id*. at 9. "They then punched the Plaintiff in the head while on his stomach[,] bent his legs to where is feet were touching his back[, and] then placed a spit screen on his head . . . further obstructing [the Plaintiff's ability to breathe] to where [Scott] claimed to have seen his life pass in front of his eyes and almost died within the unlawful custody of Nelson Coleman Correctional Center and its officers." *Id*.

Accordingly, Scott's Complaint claims that the Defendants violated his constitutional rights. Scott particularly claims that his Right to Travel was violated by the Defendants. *Id*. at 13. The Defendants St. Charles Parish Sheriff's Office and Sheriff Greg Champagne responded to Scott's Complaint by filing a Motion to Dismiss pursuant to FRCP 12(b)(6). The Court will now address this motion.

## II.  STANDARD OF REVIEW

### A. *Pro Se* Litigant

Because Scott is proceeding *pro se*, the Court must construe his pleadings liberally. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir.1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).

### B. FRCP 12(b)(6)

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly,* 550 U.S. at 555). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id*. A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986).

III. **DISCUSSION**

A. **St. Charles Parish Sheriff's Office**

Scott named the St. Charles Parish Sheriff's Office as a Defendant in this matter. However, a Louisiana parish sheriff's office is not a legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002); *see also Haywood v. Gusman*, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D.La. Feb. 26, 2008); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D.La. 2009). Thus, the Motion to Dismiss is granted in regard to the Defendant St. Charles Parish Sheriff's Office.

B. **Sheriff Greg Champagne's Official Capacity**

Greg Champagne is the Sheriff of St. Charles Parish. Scott brings his claims against Champagne in his individual capacity and in his official capacity as Sheriff pursuant to 42 U.S.C. § 1983.

First, with respect to Scott's official-capacity claim, a § 1983 claim against a Louisiana sheriff in his official capacity "is 'in essence' a suit against a municipality." *See Brown v. Strain*, 663 F.3d 245, 251 (5th Cir. 2011) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005)); *see also Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir.1999) ("Official

capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir.2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

A plaintiff may establish the requisite official policy by proving "a persistent, widespread practice of [government] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id*. (quotation marks and alterations omitted). "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy as required for municipal section 1983 liability." *Id*. at 581 (quotation marks omitted). "A pattern requires similarity and specificity; 'prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)). "A pattern also requires 'sufficiently numerous prior incidents,' as opposed to 'isolated instances.'" *Id*. (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)).

Here, Scott's claim against Sheriff Champagne satisfies the first *Monell* requirement because Sheriff Champagne is undoubtedly a policymaker under Louisiana law. For the second *Monell* requirement, Scott does not allege the existence of a written policy. Thus, he must instead establish that the alleged practices or patterns were so widespread that they constituted a custom in the department. However, Scott's Complaint does not allege sufficient facts needed for the Court to plausibly infer that a custom or practice existed that gave rise to the purported violations of Plaintiffs' constitutional rights. Further, assuming *in arguendo*

that Officer Robbins and the Nelson Coleman Correctional Center deputies violated Scott's constitutional rights, Scott has nonetheless failed to allege that those violations resulted from or were caused by a policy or custom of the St. Charles Parish Sheriff's Office. Accordingly, Scott's claims against Sheriff Champagne in his official capacity are dismissed.

### C. Sheriff Greg Champagne's Individual Capacity

With respect to Scott's § 1983 claims against Sheriff Champagne in his individual capacity, it is well-settled that "[s]upervisory officials cannot be held liable under section 1983 for the actions of subordinates . . . on any theory of vicarious or respondeat superior liability." *McCully*, 406 F.3d at 381. Although Scott does not suggest that Sheriff Champagne was personally involved with the April 26, 2019 incident, "[s]upervisory liability may additionally exist 'without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.'" *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 289 (5th Cir.2002) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987)) (applying identical definition of "custom").

Here, as noted above, because there is no evidence of a St. Charles Parish Sheriff's Office policy that repudiated any constitutional rights, Scott's claims against Sheriff Champagne in his individual capacity are also dismissed.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by the Defendants St. Charles Parish Sheriff's Office and Greg Champagne is **GRANTED**. Scott's claims against the Defendants St. Charles Parish Sheriff's Office and Greg Champagne are **DISMISSED**.

.

May 4, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE