UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VANCE SCOTT, SR. | CIVIL ACTION |
| VERSUS | NO. 20-43 |
| STATE OF LOUISIANA, ET AL. | SECTION "A" (3) |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss (Rec. Doc. 13)** pursuant to the Federal Rules of Civil Procedure ("FRCP") 12(b)(6) filed by the Defendant Malcolm Robbins. The Plaintiff Vance Scott, Sr., is proceeding *pro se* and opposes the motion. (Rec. Doc. 30). This motion, set for submission on April 29, 2020, is before the Court on the briefs without oral argument.

**I.    BACKGROUND**

This case arises out of a traffic stop that occurred in St. Charles Parish on April 26, 2019. (Rec. Doc. 1, p. 4, The Plaintiffs' Complaint). Officer Malcolm Robbins from the St. Charles Parish Sheriff's Office pulled over Scott because he failed to have a proper "break tag" on his motor vehicle. *Id*. at 7. During the stop, Scott had "his law book in hand" and "proceeded to open the book and [show] the Respondent, [Officer] Malcolm Robbins, that a Traffic Infraction is not a crime and that the regulations of the Motor Vehicle Codes extend only to those operating in Commercial Capacity, not those who [are] traveling in the Pursuit of Happiness[.]" *Id*. Scott then demanded that Officer Robbins explain what crime he was being arrested for and asked for Officer Robbins' supervisor. *Id*.

Scott further explained that, "[Officer Robbins] then became physical with [the] Plaintiff as [the] Plaintiff recited *City of Dallas v. Mitchell* [which says,] 'an unlawful arrest is an assault and battery, which you have the right to defend yourself against.'" *Id*. "Malcolm Robbins then began assaulting the Plaintiff . . . as the Plaintiff began to resist the unlawful advances of Malcolm Robbins." *Id*. Officer Robbins then tasered Scott multiple times to subdue him. *Id*.

Accordingly, Scott's Complaint claims that the Defendant Malcolm Robbins violated his constitutional rights pursuant to 42 U.S.C. § 1983. Further, Scott made a claim against Robbins for defamation. Robbins responded to Scott's Complaint by filing a Motion to Dismiss pursuant to FRCP 12(b)(6). The Court will now address this motion.

## II.     STANDARD OF REVIEW

### A.  *Pro Se* Litigant

Because Scott is proceeding *pro se*, the Court must construe his pleadings liberally. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir.1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).

### B.  FRCP 12(b)(6)

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly*, 550 U.S. at 555). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id*. A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986).

### III.     DISCUSSION

Malcolm Robbins is a Deputy Sheriff of St. Charles Parish. Scott brings his claims against Robbins in his individual capacity and in his official capacity as a Deputy Sheriff of St. Charles Parish pursuant to 42 U.S.C. § 1983. Scott also brings a defamation claim against Robbins for making "two fraudulent, contradictory, police statements[.]" (Rec. Doc. 1, p. 8, Scott's Complaint).

#### A.  Malcolm Robbins' Official Capacity

First, with respect to Scott's official-capacity claim, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To impose § 1983 liability against a government entity for the misconduct of one of its employees or officers, a plaintiff must demonstrate that the constitutional deprivation was caused by a policy or custom of that entity. *Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006) (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-691, (1978)). A plaintiff may establish the requisite official policy by proving "a persistent, widespread practice of [government] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694)). Further, "[i]n a Section 1983 case, the burden of proving the existence of an unconstitutional municipal policy or established custom rests upon the plaintiff." *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

Robbins is a deputy of the St. Charles Parish Sherriff's Office, but this entity is not the type of legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002). Instead, the correct entity for Scott's official capacity claim against Robbins is St. Charles Parish. However, Scott's Complaint fails to

allege the existence of any type of written policy. As a result, Scott must instead establish that the alleged unconstitutional practices or patterns were so widespread that they constituted a custom in the department. Here, the Court concludes that Scott's Complaint fails to allege sufficient facts needed for the Court to plausibly infer that a custom or practice existed that gave rise to the purported violations of Scott's constitutional rights. Further, the Court has already dismissed all of Scott's claims against St. Charles Parish. (Rec. Doc. 44). Thus, the Court dismisses Scott's claims against Robbins in his official capacity.

### B. Malcolm Robbins' Individual Capacity

Second, with respect to Scott's individual-capacity claim, Robbins contends that Scott has failed to allege sufficient facts with "factual detail and particularity" to sustain a § 1983 claim. However, the Court disagrees. The Court finds it at least plausible that Robbins used excessive force to detain Scott. Further, the Court finds it premature to find that Robbins was "neither excessive nor unreasonable from the perspective of a reasonable officer on the scene" at this stage of the litigation. (Rec. Doc. 13-1, p. 6-7, Robbins' Memorandum in Support).

Alternatively, Robbins argues that he is entitled to qualified immunity. *Id*. at 7. Under the doctrine of qualified immunity, public officials are shielded from liability for civil damages "unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that [the defendant] violated clearly established statutory or constitutional rights." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 995 (5th Cir. 1995).

Scott contends that Robbins violated his Right to Travel and his Fourth Amendment rights by using excessive force. (Rec. Doc. 1, p. 7, Scott's Complaint). As to Scott's Right to

Travel, Scott claims his constitutional Right to Travel was violated when Robbins pulled him over for not having a proper "break tag" on his vehicle. However, an officer may stop a vehicle when he has "probable cause to believe that a driver is violating any one of the multitude[s] of applicable traffic and equipment regulations." *Whren v. United States*, 517 U.S. 806, 817 (1996) (quoting *Delaware v. Prouse*, 440 U.S. 648, 661 (1979)). For instance, *Prouse* "noted approvingly that the foremost method of enforcing traffic and vehicle safety regulations . . . is acting upon observed violations, which afford the 'quantum of individualized suspicion' necessary to ensure that police discretion is sufficiently constrained." *Id*. (internal quotations and citations omitted).

"The legality of a traffic stop is analyzed under the framework articulated in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Under the two-part *Terry* test, "[t]he court must evaluate (1) whether the officer's action was "justified at its inception," and (2) whether the officer's subsequent actions were "reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Smith*, 506 Fed. Appx. 319, 319 (5th Cir. 2013) (citing *Lopez-Moreno*, 420 F.3d at 430).

Here, Robbins' actions were justified at their inception because he observed Scott without a proper "break tag." More specifically, Louisiana law requires a person operating a motor vehicle to have a valid safety inspection certificate. La. Rev. Stat. § 32:1301. Thus, Officer Robbins was acting within his authority to enforce traffic regulations when he pulled Scott over. Accordingly, the Court dismisses Scott's claim that Robbins violated his Right to Travel.

However, in the context of Scott's excessive force claim, a plaintiff seeking to overcome qualified immunity must show: "(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly

unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). This is an objective standard: "the question is whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 397; *see also Tennessee v. Garner*, 471 U.S. 1, 9 (1985) (courts must determine whether "the totality of the circumstances justified" the particular use of force).

Here, as mentioned above, the Court finds it at least plausible that Robbins used excessive force to detain Scott. As the Court previously mentioned, the Court finds it premature to conclude that Robbins' actions were "neither excessive nor unreasonable." Thus, the Court declines to dismiss Scott's excessive force claim against Robbins in his individual capacity.

### C. Defamation and Contrary Police Reports

In his Complaint, Scott explains his defamation claim by saying that:

Respondent, Malcolm Robbins, then made two fraudulent, contradictory, police statements, in which he stated that [the] "Plaintiff, Vance Scott Senior, RESISTED AN UNLAWFUL ARREST, and admitted to the DEFAMATION OF CHARACTER caused to the Plaintiff by the St. Charles Parish Sheriff's Office Officers, for they labeled the Plaintiff to be a SELF PROCLAIMED SOVEREIGN CITIZEN WITHOUT ANY PROOF TO LABEL PLAINTIFF IN A GROUP LABELED AS TERRORISTS AND COMMIT HATE CRIMES AGAINST THE PLAINTIFF, THREATENING THE LIFE OF PLAINTIFF AS WELL, FOR THEY TREAT THOSE TYPE[S] OF GROUPS AND ITS MEMBERS AS [A] THREAT TO SOCIETY AND AMERICA.[1]

"Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name." *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004). "Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory

---

[1] (Rec. Doc. 1, p. 8, Scott's Complaint).

statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Id*.

However, In Louisiana, privilege is a defense to a defamation action. *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669, 682 (La. 2006). A conditional or qualified privilege applies if the statement was made (1) in good faith, (2) on any subject matter of which the person communicating has an interest or in reference to which he has a duty, and (3) to a person having a corresponding interest or duty. *Id*. Societal necessity requires unrestricted communication of such matters without inhibiting free communication in such instances by the fear that the communicating party will be held liable in damages if the good faith communication later turns out to be inaccurate. *Id*.

Determining whether a qualified privilege exists involves a two-step process. *Id*. First, it must be determined whether the attending circumstances of a communication occasion a qualified privilege. *Id*. Second, it must be determined whether the privilege was abused, which requires that the grounds for abuse—malice or lack of good faith—be examined. *Id*. The second step of determining malice or abuse of the privilege is generally a question of fact for the jury unless only one conclusion can be drawn from the evidence. *Id*.

Lastly, the defendant abuses the privilege if he (1) knows the matter to be false or (2) acts in reckless disregard as to its truth or falsity. *Id*. Only those statements made with a high degree of awareness of their probable falsity meet the reckless disregard standard. *Id*. Thus, the plaintiff must prove that the publication was deliberately falsified or published despite the publisher's awareness of probable falsity. *Id*.

Here, Scott claims that Robbins made a false and defamatory statement by writing in his police report that Scott was a "sovereign citizen." As a result, Scott claims in his Complaint that his reputation was harmed and his life is now "threatened" because law enforcement officials "treat those types of groups and its members as a threat to society." However,

Robbins enjoys a qualified privilege against Scott's defamation claim. More specifically, Robbins had a duty to document his activities as a sheriff's deputy, and there is no indication that Robbins labeled Scott a "sovereign citizen" in bad faith. Further, Scott failed to present any facts to show that Robbins abused his qualified privilege in any ascertainable manner. Thus, because a qualified privilege applies to Robbins' police report, the Court dismisses Scott's defamation claim.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 13)** pursuant to FRCP 12(b)(6) filed by the Defendant Malcolm Robbins is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted in so far as: (1) Scott's claims against Robbins in his official capacity, (2) Scott's claim against Robbins in his individual capacity that he violated Scott's Right to Travel, and (3) Scott's defamation claim against Robbins. Thus, those claims are dismissed. However, the Motion is denied as to Scott's claim against Robbins in his individual capacity that he used excessive force.

June 8, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE