UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VANCE SCOTT, SR. | CIVIL ACTION |
| VERSUS | NO. 20-43 |
| STATE OF LOUISIANA, ET AL. | SECTION "A" (3) |

### ORDER AND REASONS

Before the Court are three motions filed by the Plaintiff Vance Scott, Sr: (1) a **Motion to Produce Video (Rec. Doc. 15)**, (2) a **Motion for Partial Summary Judgment (Rec. Doc. 17)**, and (3) a **Motion for Default Judgment (Rec. Doc. 29)**. These three motions are before the Court on the briefs without oral argument.

### I.   BACKGROUND

This case arises out of a traffic stop that occurred in St. Charles Parish on April 26, 2019. (Rec. Doc. 1, p. 4, The Plaintiffs' Complaint). Officer Malcolm Robbins from the St. Charles Parish Sheriff's Office pulled over Scott because he failed to have a proper "break tag" on his motor vehicle. *Id*. at 7. During the stop, Scott had "his law book in hand" and "proceeded to open the book and [show] the Respondent, [Officer] Malcolm Robbins, that a Traffic Infraction is not a crime and that the regulations of the Motor Vehicle Codes extend only to those operating in Commercial Capacity, not those who [are] traveling in the Pursuit of Happiness[.]" *Id*. Scott then demanded that Officer Robbins explain what crime he was being arrested for and asked for Officer Robbins' supervisor. *Id*.

Scott further explained that, "[Officer Robbins] then became physical with [the] Plaintiff as [the] Plaintiff recited *City of Dallas v. Mitchell* [which says,] 'an unlawful arrest is an assault and battery, which you have the right to defend yourself against.'" *Id*. "Malcolm Robbins then began assaulting the Plaintiff . . . as the Plaintiff began to resist the unlawful advances of Malcolm Robbins." *Id*. Officer Robbins then tasered Scott multiple times to subdue him. *Id*.

Accordingly, after filing his Complaint, Scott then filed three separate motions: 1) a Motion to Produce Video (Rec. Doc. 15), (2) a Motion for Partial Summary Judgment (Rec. Doc. 17), and (3) a Motion for Default Judgment (Rec. Doc. 29). The Court will now address the merits of these three motions.

## II.   DISCUSSION

### A.   Motion to Produce Video (Rec. Doc. 15)

In his motion, Scott "[r]equests for this Court to Order for the Disclosure [of the traffic stop] pursuant to 28a U.S.C. Rule 26 and 28a U.S.C. Rule 1004. (Rec. Doc. 15, p. 1, Scott's Memoandum in Support). However, pursuant to Fed.R.Civ.P. 26(d)(1) a party may not seek discovery from any source before the parties have conducted their Rule 26(f) conference. Here, the Defendants in this matter have not answered, and a Rule 26(f) conference has not been held. Thus, the Court denies Scott's Motion to Produce Video (Rec. Doc. 15) as premature.

### B.   Motion for Partial Summary Judgment (Rec. Doc. 17)

Scott's second motion asks the Court to rule on his claims of unlawful arrest and false imprisonment. (Rec. Doc. 17, p. 1, Scott's Memorandum in Support). However, as noted above, the parties have not held their Rule 26(f) conference in this matter yet. Accordingly, because discovery has not commenced in this case, the Court also denies Scott's Motion for Partial Summary Judgment (Rec. Doc. 17) as premature.

### C.   Motion for Default Judgment (Rec. Doc. 29)

Third, Scott moves this Court to grant default judgment in his favor against all of the Defendants who have failed to timely answer his Complaint. However, there has been no entry of default as to any of the Defendants in this manner. Without an entry of default, the Court cannot enter a default judgment. Thus, the Court dismisses Scott's Motion for Default Judgment (Rec. Doc. 29).

### D. Dismissal for Failure to Provide Notification of Change of Address

Local Rule 41.3.1 provides that, "[t]he failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." Further, Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.

Here, the Court notes that, on two separate occasions, documents that were mailed to Scott were returned as "undeliverable," first on May 18, 2020 (Rec. Doc. 40) and second on May 28, 2020 (Rec. Doc. 43). Scott's current mailing address is listed as the Nelson Coleman Correctional Center. However, a plaintiff has a duty to maintain his current mailing address, even if he is no longer incarcerated or if he was transferred to a different facility. Thus, Scott must notify the Court of his current mailing address by July 12, 2020, or the Court will dismiss his Complaint.

Accordingly;

**IT IS ORDERED** that the **Motion to Produce Video (Rec. Doc. 15)** filed by the Plaintiff Vance Scott, Sr., is **DENIED AS PREMATURE**.

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 17)** filed by the Plaintiff Vance Scott, Sr., is **DENIED AS PREMATURE**.

**IT IS FURTHER ORDERED** that the **Motion for Default Judgment (Rec. Doc. 29)** filed by the Plaintiff Vance Scott, Sr., is **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiff Vance Scott, Sr., fails to notify the Clerk of Court of his correct and current mailing address on or before **July 19, 2020**, the Court will dismiss this matter for failure to prosecute.

June 12, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE