UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VANCE SCOTT, SR. | CIVIL ACTION |
| VERSUS | NO. 20-43 |
| STATE OF LOUISIANA, ET AL. | SECTION "A" (3) |

### ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date of the motion. Here, the Plaintiff Vance Scott failed to file any memoranda in opposition to the **Motion to Dismiss (Rec. Doc. 36)** filed by the Defendants Judge Lauren Lemmon and Judge Timothy Marcel. This Motion was scheduled for consideration on June 10, 2020.

In addition to being unopposed, the Court concludes that this motion has merit. Scott makes a claim against Judge Lemmon and Judge Marcel in their official and individual capacities. However, Eleventh Amendment immunity bars Scott's official capacity claims against Judge Lemmon and Judge Marcel. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "[a]s such, it is no different than a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Thus, Scott's claims against Judge Lemmon and Judge Marcel in their official capacities as Louisiana state court judges are in fact, claims against the State of Louisiana. Because Eleventh Amendment immunity bars Scott's claims against the State of the Louisiana, Scott's claims are dismissed.

Similarly, judicial immunity bars Scott's individual capacity claims against Judge Lemmon and Judge Marcel. "A judge, of whatever status in the judicial hierarchy, is

immune from suit for damages resulting from any acts performed in [his or her] judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983). This immunity applies even if a judge is accused of acting maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Further, judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir.1990). Thus, the Court finds here that judicial immunity applies to Scott's claims against Judge Lemmon and Judge Marcel in their individual capacities.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 36)** filed by the Defendants Judge Lauren Lemmon and Judge Timothy Marcel is **GRANTED**. Scott's claims against these Defendants are **DISMISSED**.

.

July 29, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE