UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VANCE SCOTT, SR. | CIVIL ACTION |
| VERSUS | NO. 20-43 |
| STATE OF LOUISIANA, ET AL. | SECTION "A" (3) |

### ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date of the motion. Here, the Plaintiff Vance Scott failed to file any memoranda in opposition to the **Motion to Dismiss (Rec. Doc. 41)** filed by the Defendants the State of Louisiana and Karen St. Germain. This Motion was scheduled for consideration on June 10, 2020.

In addition to being unopposed, the Court concludes that this motion has merit. Scott makes a claim against the State of Louisiana and Karen St. Germain under 42 U.S.C. § 1983. However, Eleventh Amendment immunity bars suits in federal court by citizens of a state against their own state or a state agency or department. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984). Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar, *Quern v. Jordan*, 440 U.S. 332 (1979), and § 1983 does not override the Eleventh Amendment bar. *Id*.; *see also Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981). Thus, Scott's claims against the State of Louisiana are barred.

Further, the Court finds that Scott's claims against Karen St. Germain in her official and individual capacity are meritless. As Commissioner of the Office of Motor Vehicles for the State of Louisiana, Karen St. Germain is an officer of the state government. "[A]

suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "[a]s such, it is no different than a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Thus, Scott's official capacity claims against Karen St. Germain are in fact, claims against the State of Louisiana. Because Eleventh Amendment immunity bars Scott's claims against the State of the Louisiana, Scott's claims are dismissed.

Next, as to Scott's individual capacity claims, his Complaint is devoid of any factual allegations that would support a § 1983 claim against St. Germain. The only connection between Scott's Complaint and St. Germain is Scott's claim that provisions within Title 32 of Louisiana's Motor Vehicle Code are unconstitutional. However, Scott's allegations in his Complaint are conclusory and lack any merit. Further, Scott's claims lack any tangible connection to St. Germain.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 41)** filed by the Defendants the State of Louisiana and Karen St. Germain is **GRANTED**. Scott's claims against these Defendants are **DISMISSED**.

.

July 29, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE